IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARY CASSEL,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>TRUSS COMMUNICATIONS, *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 23-CV-226-JFH-CDL |

**OPINION AND ORDER**

On July 20, 2023, Plaintiff Cary Cassel ("Plaintiff") filed a pro se Complaint against Defendants Truss Communications and Easy Systems, Inc. ("Defendants"), alleging Defendants engaged in activities constituting harassment, wrongful discharge, fraud, defamation, intentional infliction of emotional distress, and discrimination. *See* Dkt. No. 1. Subsequently, Plaintiff filed a Motion for Temporary Restraining Order [Dkt. No. 28] ("Motion") alleging that Defendants, together with non-parties Matthew Glenn Carley ("Carley") and Lyons Law Firm (the "Firm") violated the Patriot Act due to Carley's unlawful presence in the United States, unspecified acts of terrorism, and money laundering. Dkt. No. 28 at 1-2. Plaintiff asks for relief in the form of forfeiture of laundered funds to the United States, sanctions on the Firm for failing to check notices sent to the firm from Plaintiff and failing to secure the sanctity of federal courts, and declarations concerning the legality of the Defendants' corporate form, among other things. *Id.* at 1-3. Although Plaintiff alleges that he fears retaliation and believes he will suffer irreparable injury in the absence of preliminary injunctive relief, he does not describe the injury he will suffer or explain the nature of the retaliation he faces. *Id.* at 3.

This Court may only issue a temporary restraining order if the Plaintiff can "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in in opposition" to the requested relief.  Federal Rule of Civil Procedure 65(b)(1)(A).  While Plaintiff has generally complained of actions that could conceivably harm the federal courts, the United States, and society as a whole, it is not clear how he will be harmed unless the Court issues immediate injunctive relief.  Absent a detailed description concerning the harm that will come to him, the timing of the anticipated harm, or the extent of the harm, relief under Rule 65 is neither warranted nor proper.  *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (recognizing that temporary restraining orders should be granted only where they are necessary to "preserv[e] the status quo and [prevent] irreparable harm" until a hearing can be held).  *E.g., Murry v. Wells Fargo Bank, N.A. as Tr. for Park Place Sec.*, No. 22-CV-0282-WJM, 2022 WL 309696, at *1 (D. Colo. Feb. 2, 2022) (denying temporary restraining order where the moving party failed to provide "any details surrounding the timing of the anticipated foreclosure auction").  Plaintiff has provided no such description here, and his Motion should therefore be DENIED.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order [Dkt. No. 28] is DENIED.

Dated this 23rd day of October 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE