IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

CARY CASSEL,

              Plaintiff,

v.

                         Case No. 23-CV-00226-SEH-CDL

TRUSS COMMUNICATIONS, INC.;
EASY SYSTEMS, INC.

              Defendants.

## OPINION AND ORDER

Before the Court are Defendant Truss Communications, Inc.'s ("Truss") motion to dismiss [ECF No. 22] and Defendant Easy Systems, Inc.'s ("Easy Systems") motion to dismiss [ECF No. 23].

Plaintiff Cary Cassel worked for about a year in a remote sales and data entry position before being discharged due to an alleged hostile work environment. [ECF No. 1 at 3]. He filed a charge of discrimination with the Oklahoma Attorney General's Office, Office of Civil Rights Enforcement, asserting that he was discriminated and retaliated against for opposing sexual harassment and unfair pay practices, and for advocating for unpaid wages in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). [*Id*.]. His charge was also presented to the Equal Employment Opportunity Commission ("EEOC").

The Court liberally construes Cassel's complaint, as it must. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Cassel grounds his claims on purported discrimination based on "mental health" and "obese weight." [ECF No. 1 at 2]. Based on these alleged disabilities, and in addition to them, Cassell appears to assert claims under Title I of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12111–12117, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and Oklahoma law. [*Id.*]. Because Cassel did not include ADA claims in his charge of discrimination, the Court finds that he has not exhausted his administrative remedies as to these claims. Cassel also did not list Easy Systems as an employer on his charge of discrimination. Because Cassel alleges that the latest date he was discriminated against was July 5, 2022, the time to cure his failure to exhaust has long-since passed.[1] [ECF No. 1 at 3]. Cassel cannot cure his failure to plead exhaustion under the ADA, so the Court will dismiss his ADA claims with prejudice.

The Court further finds that Cassel's complaint does not state a claim upon which relief may be granted because it lacks sufficient facts to support

---

[1] *See* 42 U.S.C. § 12117(a) (noting that the procedures set forth in § 2000e-5 apply to persons alleging discrimination based on disability); *id.* § 2000e-5(e)(1) (a charge must be filed within 180 after the allegedly unlawful employment practice occurred; however, if proceedings are initiated through a State or local agency, such charge shall be filed within 300 days).

any of his claims. The Court will dismiss the remaining claims in the complaint without prejudice.

## I.    **Background**

The Court derives the background facts from the allegations in the complaint and assumes they are true for purposes of determining the motions to dismiss. [ECF No. 1]; *Albers v. Bd. of Cnty. Comm'rs*, 771 F.3d 697, 700 (10th Cir. 2014). The Court also considers and draws from the charge of discrimination Cassel filed with the EEOC.[2] [ECF No. 1 at 3].

Truss hired Cassel in July 2021 for a remote sales and data entry position. [ECF No. 1 at 3]. During his employment, Cassel opposed "sexual[] harass[ment] by the CEO … advocat[ed] for unpaid wages" and opposed "unfair pay practices and procedures." [*Id.*]. He "complained multiple times to [his] employer" and was retaliated against because of his complaints and

---

[2] Although a district court is usually limited to the allegations in the complaint when considering a Rule 12(b)(6) motion, the "court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim, and the parties do not dispute the documents' authenticity." *Jacobsen v. Desert Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). Here, Cassel attached the charge to his complaint [ECF No. 1 at 3], the defendants provided copies of the charge [ECF Nos. 22-2, 23-2], and Cassel does not contest its authenticity. Therefore, the Court will consider the charge in the context of ruling on the motions to dismiss. However, the Court will not consider the additional documents attached to Defendants' responses, which appear to be copies of Cassel's resignation letter. [ECF Nos. 22-1, 23-1]. To consider this evidence would require the Court to convert the motions to dismiss to motions for summary judgment. *See Gee v. Pacheo*, 627 F.3d 1178, 1186–87 (10th Cir. 2010) (district court erred by improperly relying on documents attached to a motion to dismiss to refute factual assertions in the complaint).

harassed by being given additional work. [*Id*.]. On or about July 5, 2022, Cassel was "constructively discharged … due to the increasing hostile work environment." [ECF No. 1 at 3].

Cassel filed with the EEOC a charge of employment discrimination on January 16, 2023. [ECF No. 1 at 3]. He indicated on the form that he believed he was discriminated against by "truss communications," with the latest incident occurring on July 5, 2022. [*Id*.]. He further stated that the discrimination was based on "Retaliation." [*Id*.]. The "particulars" of his claim provide:

> On or about July 2021, I was hired for position remote worker and sales for data entry. During my employment I was retaliated against because I opposed sexually harassed by the CEO, advocating for unpaid wages, unfair pay practices and procedures. I complained multiple times to my employer, and I believe because of my complaint I was harassed and given an additional workload. Subsequently on or about July 5, 2022, I constructively discharged from the employer due to the increasing hostile work environment. Nothing was done about the unfair treatment. I believe that I have been discriminated against because of retaliation in violation of Title VII of the Civil Rights Act of 1964.

[ECF No. 1 at 3]. Cassel received his right to sue letter on March 30, 2023. [*Id*. at 5].

On June 5, 2023, Cassel sued Truss Communications and Easy Systems in federal court. [ECF No. 1 at 1–2]. It appears he used a form complaint for

Title VII actions. [*Id.*]. Aside from identifying the parties and requesting $250,000 in relief, the entirety of Cassel's allegations include:

4. On or about _____ , _____ , defendant(s)
                   (Month/day)        (Year)

        (Specify the unlawful employment practices which you are alleging against the defendant(s), such as: refusal to hire, discharge from employment, harassment in employment, etc.)

Harassment in employment, discharge from employment due to hostile work environment, miscatagorised as salary with

job test, failed to pay overtime, failed to pay reimbursements, franchise fraud, defamation of character, emotional dis

_____

because of (state why defendant(s) discriminated against you, i.e. race, color religion, sex or national origin, etc.)

Discrimination based on mental health, obese weight.

The chart below compares the claims Cassel asserts in his complaint with the claims he asserted in his Charge of Discrimination with the EEOC.[3]

| Complaint<br>[ECF No. 1 at 1–2]<br>**Basis**: *Mental Health, Obesity* | Charge of Discrimination<br>[ECF No. 1 at 3]<br>**Basis**: *Retaliation* |
|---|---|
| harassment | harassment / sexual harassment |
| discharge due to hostile work environment | constructive discharge due to hostile work environment |
| miscategorized salary | unpaid wages/unfair pay practices |
| failure to pay overtime | discrimination |
| failure to pay reimbursements | retaliation |
| franchise fraud | |

---

[3] The Court reads the assertions in Cassel's complaint liberally by correcting the spelling in the salary claim and construing "emotional dis" as a claim of "emotional distress."

5

| defamation of character | |
| --- | --- |
| emotional distress | |

Therefore, Cassel seemingly asserts three categories of claims against Truss and Easy Systems: (1) disability discrimination under Title I of the ADA; (2) violations of the FLSA; and (3) Oklahoma torts.

Truss and Easy Systems move to dismiss the complaint on various grounds. [ECF Nos. 22, 23]. Truss argues that the complaint should be dismissed for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. [ECF No. 22 at 7]. Specifically, Truss contends that Cassel has failed to exhaust his administrative remedies because the complaint "presents completely different claims from those that were presented to the EEOC." [*Id*.]. Further, Truss argues that the complaint fails to allege any facts in support of Cassel's claims that would satisfy the pleading standard. [*Id*. at 8]. Easy Systems raises the same arguments as Truss but adds that dismissal should be with prejudice because Cassel never named Easy Systems within his EEOC charge. [ECF No. 23 at 7–8]. Easy Systems asserts that Cassel is unable to exhaust his administrative remedies because he is now time-barred from filing a charge of discrimination against Easy Systems, and this leaves the Court without jurisdiction. [*Id*.]. Easy

Systems alternatively argues that the complaint should be dismissed for insufficiency of process. [*Id*. at 8].

Cassel has not filed a response to either motion. However, on October 24, 2023, he filed a notice titled "Evidence Proving Employment of Easy Systems and Statement." [ECF No. 32]. In this filing, Cassel states that "Easy Systems Inc Was Noticed," and that Easy Systems is the "Parent Company of Truss." [ECF No. 32 at 1, 7–8]. The following day, Cassel filed a "Motion for Prima Facie Evidence Court Order" alleging "a criminal offense in Relation to the EEOC complaint and Lawsuit." [ECF No. 33]. This filing does not appear to be responsive to any of the arguments raised in Defendants' motions to dismiss.

## II.  <u>Discussion</u>

When considering a motion to dismiss, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Albers*, 771 F.3d at 700 (quotation omitted). However, a court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted).

To survive, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions" or a "formulaic recitation" of the elements. *Twombly*, 550 U.S. at 555.

Additionally, Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It further provides that "[e]ach allegation must be simple, concise, and direct." *Id.* at 8(d)(1). "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint must "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

When alleging fraud, a heightened pleading standard applies, and "a party must state with particularity the circumstances constituting [the] fraud or mistake." Fed. R. Civ. P. 9(b). Under this standard, a plaintiff is generally required "to identify the time, place, and content of each allegedly fraudulent representation or omission, to identify the particular defendant responsible for it, and to identify the consequence thereof." *Gaddy v. Corp. of President of Church of Jesus Christ of Latter-Day Saints*, 551 F. Supp. 3d 1206, 1217 n.85 (D. Utah 2021) (quotation omitted).

### A. Cassel was required to exhaust administrative remedies for any Title VII or ADA claims.

"A plaintiff normally may not bring a Title VII [or ADA] action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue-letter." *Foster v. Ruhrpumpen, Inc.*, 365 F.3d 1191, 1194 (10th Cir. 2004) (citation, brackets, and internal quotation marks omitted); *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 285 (2002) ("Congress has directed the EEOC to exercise the same enforcement powers, remedies, and procedures that are set forth in Title VII ... when it is enforcing the ADA's prohibitions against employment discrimination on the basis of disability."); *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 988 (10th Cir. 2021) (noting ADA Title I plaintiff "must have exhausted her administrative remedies as to that claim before filing suit"). This

requirement is meant "to protect employers by giving them notice of the discrimination claims being brought against them, in addition to providing the EEOC with an opportunity to conciliate the claims." *Foster*, 365 F.3d at 1195. To promote these purposes, a plaintiff's claim in federal court "is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Delsa Brooke Sanderson v. Wyo. Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020) (cleaned up). EEOC charges are typically filed by non-attorneys, so courts liberally construe allegations in the charge. *Smith v. Cheyenne Retirement Investors L.P.*, 904 F.3d 1159, 1166 (10th Cir. 2018). However, courts must dismiss claims for failure to exhaust administrative remedies when it is undisputed that the plaintiff has not filed a timely EEOC charge. *Id.* at 1163–64.

### 1. *Cassel has failed to exhaust administrative remedies for his ADA claims.*

As an initial matter, Defendants incorrectly contend that the Court lacks jurisdiction over Cassel's claims. [ECF No. 22 at 8, 15; ECF No. 23 at 7, 18]. "[A] plaintiff's failure to file an EEOC charge regarding a discrete employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim." *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th

10

Cir. 2018). District courts "have split over whether this language means that exhaustion is a condition precedent to suit or a true affirmative defense for which the defendant bears the burden." *Avington v. Ind. School Dist. No. 1 of Tulsa Cty.*, No. 24-cv-00410-SH, 2025 WL 1287736, at *4 n.5 (N.D. Okla. May 1, 2025) (collecting cases). However, the Court will not decide the issue, because it finds Defendants have shown that the complaint (and its properly considered attachments) admit all the elements of an exhaustion defense. *See id.* at *4 ("Where a motion to dismiss is based on an affirmative defense, it may be properly granted only 'when the complaint itself admits all the elements of the affirmative defense by alleging the factual basis for those elements.'" (quoting *Fernandez v. Clean House, LLC*, 883 F.3d 1296, 1299 (10th Cir. 2018)).

Having determined that exhaustion was required and the Court has jurisdiction, the Court will now turn to whether Cassel exhausted his ADA claims. Cassel's charge of discrimination states that he was "discriminated against because of retaliation, in violation of Title VII of the Civil Rights Act of 1964." [ECF No. 1at 3]. It also lists "Retaliation" as the basis for Cassel's claims. [*Id.*]. The failure to allege to the EEOC a particular basis for discrimination "creates a presumption that the charging party is not asserting [those] claims[.]" *Jones v. U.P.S., Inc.*, 502 F.3d 1176, 1186 (10th Cir. 2007), *overruled on other grounds by Lincoln*, 900 F.3d at 1185. But the

11

presumption may be rebutted "if the text of the charge clearly sets forth the basis of the claim." *Id.* (the "charge must contain facts concerning the discriminatory and retaliatory actions underlying each claim"). "The ultimate question is whether the conduct alleged in the lawsuit would fall within the scope of an EEOC investigation which would reasonably grow out of the charges actually made in the EEOC charge." *Smith*, 904 F.3d at 1164–65 (cleaned up).

The complaint does not specifically allege that Cassel's "mental health" and "obese weight" are purported disabilities. But the Court liberally interprets these references as Cassel's intent to bring ADA disability claims. Cassel's charge does not mention any of his alleged disabilities; nor does it state that he was discriminated against in violation of the ADA. Therefore, the EEOC would not have had any reason to investigate whether Cassel was discriminated against on the basis of a disability. Cassel therefore failed to exhaust administrative remedies for his ADA hostile work environment claims, and these claims will be dismissed.

To assert claims under Title VII or the ADA, Cassel must have filed a charge of discrimination within 300 days of the dates he alleges the discriminatory conduct took place because he initiated proceedings by filing a charge with a State agency. *See n. 1, supra.* Cassel listed on his charge that July 5, 2022 was the latest date discrimination occurred. [ECF No. 1 at 3].

Any potential ADA claim he has against Truss or Easy Systems is now time-barred. Thus, the Court will dismiss the ADA claims Cassel brings with prejudice.

### 2. Cassel's failure to name Easy Systems in his charge is not fatal to his claims against this defendant.

Easy Systems argues that Cassel's failure to name them within his charge "is fatal to any claims [he] may have had against Easy Systems." [ECF No. 23 at 7]. Although a plaintiff generally should name all defendants in his EEOC charge, the omission of a party's name does not necessarily require dismissal. *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980). A Title VII or ADA action may proceed against a defendant not named in the EEOC charge "where the defendant was informally referred to in the body of the charge" or "where there is sufficient identity of interest" between the unnamed defendant and the party named in the EEOC charge. *Id*. (citations omitted).

Four factors are relevant in determining whether an unnamed party may be included in a subsequent lawsuit: (1) whether the unnamed party's role could be ascertained by the complainant through "reasonable effort" when the EEOC charge was filed; (2) whether the interests of the named and unnamed parties are "so similar ... that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed

13

party in the EEOC proceedings"; (3) whether the unnamed party's absence from the EEOC proceedings resulted in actual prejudice to their interests; and (4) "whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party." *Id.* at 1312. Easy Systems has not addressed these factors and is therefore not entitled to dismissal on this basis.

## B. The complaint fails to state a claim upon which relief can be granted.

Defendants each contend that the complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because Cassel has failed to state a claim upon which relief can be granted. [ECF No. 22 at 16–20; ECF No. 23 at 12–17]. The Court agrees.

### *1. Cassel has failed to plead a Title VII claim.*

Because Cassel asserts that his claims are brought under Title VII, the Court will first consider whether the complaint states any plausible Title VII claim. Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Where the instances of the alleged discrimination are circumstantial, a plaintiff must prove a Title VII violation through the burden-shifting test

14

articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The exact elements of a Title VII claim can vary based on the circumstances, but generally a claimant shows a *prima facie* case of discrimination by demonstrating: (1) he "belongs to a protected class;" (2) he "suffered an adverse employment action;" and (3) the adverse action occurred "under circumstances giving rise to an inference of discrimination." *E.E.O.C. v. PVNF, LLC*, 487 F.3d 790, 800 (10th Cir. 2007). Although Cassel need not establish a *prima facie* case of discrimination in his complaint to survive a motion to dismiss, the Court nonetheless looks to "the elements of each alleged cause of action to help determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). General, formulaic, and conclusory assertions of discrimination are insufficient. *Id.* at 1193.

Because Cassel is proceeding pro se, the Court construes his filings liberally and holds him "to a less stringent standard than formal pleadings drafted by lawyers." *Hall*, 935 F.2d at 1110. However, a pro se plaintiff must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quotation omitted). The Court "will [also] not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on

a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110).

Cassel's complaint fails to show that he was discriminated against based on his race, color, religion, sex, or national origin. Rather, he asserts that he was discriminated against "based on mental health [and] obese weight." [ECF No. 1 at 2]. The Court finds, to the extent that any of Cassel's claims can reasonably be construed as brought under Title VII, they fail to state a claim upon which relief can be granted.

### 2. Cassel has failed to plead an ADA hostile work environment claim.

Notably, Cassel seems to be bringing his ADA hostile work environment claims[4] under the doctrine of constructive discharge. Therefore, Cassel must allege facts demonstrating that he was "discriminated against by his employer to the point where a reasonable person in his position would have felt compelled to resign," and that he "actually resigned." *Green v. Brennan*, 578 U.S. 547, 555 (2016) (citation omitted). "[W]hen the employee resigns in the face of such circumstances, Title VII treats that resignation as tantamount to an actual discharge." *Id*. Here, Cassel sets forth no facts in support of his conclusory statement that he was "discharge[d] from

---

[4] The Court is liberally construing Cassel's claim of "harassment" and his claim of "discharge due to hostile work environment" as two ADA hostile work environment claims.

16

employment due to hostile work environment." [ECF No. 1 at 2]. The Court finds this statement insufficient to show constructive discharge. Nonetheless, it will still analyze whether Cassel has stated a viable ADA hostile work environment claim.

"ADA hostile work environment claims are analyzed under the same standards applied to similar Title VII claims." *Callahan v. Comm. Graphics, Inc.*, 657 F. App'x 739, 746 (10th Cir. 2016) (citing *Lanman v. Johnson Cty.*, 393 F.3d 1151, 1156 (10th Cir. 2004) ("[W]e hold that a hostile work environment claim is actionable under the ADA."). The elements for such a claim are: (1) the plaintiff is "disabled" as defined by the ADA; "(2) the plaintiff was subject to unwelcome harassment; (3) the harassment was based on the alleged disability; and (4) due to the harassment's severity or pervasiveness, the harassment altered a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." *Id*. at 746–47 (citing *Harsco Corp. v. Renner*, 475 F.3d 1179, 1186 (10th Cir. 2007) (listing elements of sexually hostile work environment claim). Thus, Cassel must show he was disabled at the time of his employment and that he was harassed on account of his disability. *See also* 42 U.S.C. § 12112(a), (b)(5)(A) (prohibiting employers from discriminating against a "qualified individual on the basis of disability").

Defendants argue that the complaint fails to show that either of Cassel's alleged disabilities meet the definition of a "disability" under the ADA. [ECF No. 22 at 18–19; ECF No. 23 at 15–17]. The ADA sets out three categories of "disability": (1) "a physical or mental impairment that substantially limits one or more major life activities of such individual;" (2) "a record of such an impairment;" or (3) "being regarded as having such an impairment." 42 U.S.C. § 12102(1). The complaint fails to state which category Cassel is invoking, because it merely states that Cassel was discriminated against "based on mental health, obese weight." [ECF No. 1 at 2]. To proceed based on the first category, an actual impairment, "an ADA plaintiff must (1) show [he] has 'a recognized impairment'; (2) 'identify one or more appropriate major life activities'; and (3) 'show the impairment substantially limits one or more of those activities.'" *Neri v. Bd. of Educ. For Albuquerque Public Schools*, 860 F. App'x 556, 561–62 (10th Cir. 2021) (quoting *Felkins v. City of Lakewood*, 774 F.3d 647, 650 (10th Cir. 2014)).

The ADA recognizes certain mental health conditions as qualifying disabilities. *See* 29 C.F.R. 1630.2(h) ("mental impairment means … (2) Any mental or psychological disorder, such as an intellectual disability … organic brain syndrome, emotional or mental illness, and specific learning disabilities"). However, the Court finds that the complaint fails to specify any mental health condition Cassel has that would qualify as a disability under

18

the ADA. Thus, to the extent the complaint alleges actual impairment based on a mental health disability, it does not contain enough facts to support such a claim. Although "[s]pecific facts are not necessary," a complaint requires sufficient factual assertions to give the defendant notice of "the grounds upon which [the claim] rests." *Erickson*, 551 U.S. at 93 (quoting *Twombly*, 550 U.S. at 555).

The complaint also does not sufficiently allege that Cassel's "obese weight" is a "recognized impairment" under the ADA. Although the Tenth Circuit has not yet addressed whether obesity qualifies as a "disability" under the ADA, the Eighth, Second, and Sixth Circuits have each held "for obesity to qualify as a physical impairment—and thus a disability—under the ADA, it must result from an underlying physiological disorder or condition." *Morriss v. BNSF Ry. Co.*, 817 F.3d 1104, 1109 (8th Cir. 2016); *E.E.O.C. v. Watkins Motor Lines, Inc.*, 463 F.3d 436, 443 (6th Cir. 2006); *Francis v. City of Meriden*, 129 F.3d 281, 286 (2d Cir. 1997). The complaint makes no mention of any underlying disorder or condition for Cassel's obesity.

Moreover, the complaint does not sufficiently allege why Cassell's mental health or obesity substantially impair a major life activity. If he is bringing a claim under the "regarded as" category of disability, he would not need to plead or prove that the actual or perceived impairment "substantially limited one or more major life activities." *Morriss*, 817 F.3d at 1111; 29 C.F.R.

19

§ 1630.2(l)(1). However, because the complaint fails to show which category of ADA disability claim Cassel is bringing, the Court cannot conclude that any of his ADA claims have been sufficiently pled. At bottom, the complaint's conclusory statement that Cassel was discriminated against "based on mental health, obese weight" is simply not enough to show a plausible ADA hostile work environment claim. In any event, because Cassel failed to exhaust administrative remedies and his ADA claims are consequently dismissed with prejudice, these claims cannot go forward.

### 3. Cassel has failed to plead an FLSA claim.

The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, "protects all covered workers from substandard wages and oppressive working hours." *ElHelbawy v. Pritzker*, 663 F. App'x 658, 663 (10th Cir. 2016) (cleaned up). Section 206(a)(1) of the FLSA sets a minimum wage, and Section 215(a)(2) enforces it. Generally, employees who work more than 40 hours in a workweek are due overtime compensation of at least one-and-one-half times their regular rate of pay. 29 U.S.C. § 207(a)(1). "[T]o survive a motion to dismiss, a plaintiff asserting a[n] [FLSA] claim to overtime payments must allege that [he] worked more than forty hours in a given workweek without being compensated for the overtime hours worked during that workweek." *ElHelbawy*, 663 F. App'x at 663 (quoting *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014) (internal quotation marks omitted)).

20

Here, the complaint fails to show that Cassel worked more than 40 hours in any week or that, if he did, he was not paid overtime for those hours. Liberally construing Cassel's allegations of "miscatagorised [sic] as salary with job test, failed to pay overtime, failed to pay reimbursements" as allegations that the defendants violated the FLSA, the Court finds these wholly insufficient to state a claim upon which relief can be granted. These assertions are merely conclusory statements that do not set forth any facts that would "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

### 4. Cassel has failed to plead a fraud claim and the Court declines to exercise jurisdiction over the remaining state law claims.

The court notes that Cassel references "franchise fraud" in the complaint, but it is unclear how this reference ties into any of his asserted claims. As stated above, allegations of fraud carry a heightened pleading standard, *see* Fed. R. Civ. P. 9(b), requiring plaintiffs "to identify the time, place, and content of each allegedly fraudulent representation or omission, to identify the particular defendant responsible for it, and to identify the consequence thereof," *see Gaddy*, 551 F. Supp. 3d at 1217 n.85 (quoting *Hafen*, 338 F. Supp. 2d at 1263). Here, the complaint lacks specificity, so Cassel's claims are dismissed for failure to state a claim upon which relief can be granted.

As to Cassel's state law claims, the Court declines to exercise jurisdiction. Federal courts do not have independent jurisdiction over state law claims unless those claims "turn on substantial questions of federal law[.]" *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005). When a "district court has dismissed all claims over which it has original jurisdiction," the court "may decline to exercise supplemental jurisdiction" over the remaining state law claims. 28 U.S.C. § 1367(c)(3); *see also TV Commc'ns Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (noting that supplemental jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right").

"[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache Cty. Corp.*, 902 F.2d 1472, 1478 (10th Cir. 1990).

Here, the Court dismisses all the claims based in federal law, leaving only state law claims. Having considered the foregoing policy considerations, the Court concludes dismissal of the state law claims is warranted.

## III.    <u>Conclusion</u>

For the reasons outlined above, the complaint is dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a claim upon which relief can be granted. Because Cassel has failed to exhaust administrative remedies as to his ADA hostile work environment claims, and the time to cure his failure to plead ADA exhaustion has passed, these claims are dismissed with prejudice. *See Walker v. United Parcel Service, Inc.*, 240 F.3d 1268, 1271–72 (10th Cir. 2001) (treating district court's dismissal as "with prejudice" because any attempt by the plaintiff to refile her claims after dismissal would be out of time). The Court will not address Easy System's alternative argument that the complaint should be dismissed for insufficient service of process under Fed. R. Civ. P. 12(b)(5), because the issue is moot upon dismissal.

The Court recognizes that "[d]ismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (quotation omitted). But whether the Court has addressed the merits of a plaintiff's claims is relevant to the futility analysis, because "a careful judge

23

will explain the pleading's deficiencies so that a [plaintiff] with a meritorious claim can then submit an adequate complaint." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

**IT IS THEREFORE ORDERED** that Defendant Truss Communications, Inc.'s motion to dismiss [ECF No. 22] and Defendant Easy Systems, Inc.'s motion to dismiss [ECF No. 23] are GRANTED. Cassel's ADA hostile work environment claims are DISMISSED WITH PREJUDICE and the remaining claims in the complaint [ECF No. 1] are DISMISSED WITHOUT PREJUDICE. A separate judgment will enter.

**IT IS FURTHER ORDERED** that Cassel's "Motion for Prima Facie Evidence Court Order" alleging "a criminal offense in Relation to the EEOC complaint and Lawsuit." [ECF No. 33] is DENIED. Private citizens cannot compel enforcement of criminal law. *See generally Diamond v. Charles*, 476 U.S. 54, 64–65 (1986); *see also Kelly v. Rockefeller*, 69 F. App'x 414, 415 (10th Cir. 2003) ("the criminal statutes do not provide for private civil causes of action").

DATED this 9th day of October, 2025.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE